BIBBS v. WATERS. See Case No. 18,235.

---

## Case No. 18,236.

### In re BIDDLE et al.

[2 Hayw. & H. 198.] [1]

Circuit Court, District of Columbia. May 18, 1855.

CIRCUIT COURT OF DISTRICT OF COLUMBIA — APPEAL FROM COURTS MARTIAL—HABEAS CORPUS.

1. It is not in the power of the circuit court of the District of Columbia to revise or correct the error of a court martial if any exists. The appeal must be to the president who confirmed the sentence.

2. The circuit court can not look beyond the record of the court martial; it has no power or jurisdiction to examine the proceedings under a writ of error; it cannot therefore usurp power or jurisdiction by a writ of habeas corpus.

[On a writ of habeas corpus.]

Four United States sailors named Richard Biddle, Sam'l Kays, David Hazard, and John McKenny. The first and second were tried by a court martial at Norfolk, Va.; the others, by a court martial at New York City, and convicted and sentenced to service at hard labor in the penitentiary of this District. They pray that writs of habeas corpus may issue to bring them before the court, not having, they say, been convicted of any offence punishable with imprisonment at hard labor under the laws of the United States or District of Columbia, and if it shall be found that their confinement is illegal and contrary to law, they may be discharged from imprisonment.

Charles L. Jones, for petitioners.
P. B. Key, against petitioners.

DUNLOP, Circuit Judge, referred to the petition of Richard Biddle, who enlisted as a sailor in the naval service in October, 1852, for the period of three years. He was tried by a general court martial at Norfolk for "mutinous conduct and language" on the 23d February, 1854; convicted and sentenced to ten years imprisonment at labor in the District penitentiary. The proceeding, judgment and sentence of the court martial were submitted to the president of the United States, and approved by him.

The jurisdiction of the court martial, the court said, is not denied, but it is insisted that the court martial exceeded its authority by passing the sentence. He read the law of congress of 1800 [2 Stat. 45] for the government of the navy, which prescribes the punishment for the several offences known to the naval service, to be determined by a court martial, the finding to be submitted to the president for his approval.

It was not therefore in the power of the circuit court to revise or correct the error of the court martial, if any exists; the appeal must lie to the president who confirmed the sentence of the court martial.

The circuit court could not look beyond the record; it had no power to examine the proceedings under a writ of error, as the law had placed such jurisdiction beyond its power; it cannot usurp power by a writ of habeas corpus.

There is no doubt the court martial had power to punish Biddle for the crime of which he was charged. The court was satisfied that Biddle must be remanded, and the same principle applies to the other three cases.